Darusmont v. Patton.

## T. S. DARUSMONT v. CHARLES PATTON et al.

SUPREME COURT PRACTICE. *Appointment of a Receiver. Unpaid taxes.* It is a good ground for the appointment of a receiver of land in a suit pending in this Court, where the decree below declares the applicant to have a lien on the land for the payment of debt, that there are taxes due and unpaid which are about to be enforced by a sale of the land, unless the party in possession will pay the taxes in a reasonable time.

FROM SHELBY.

Appeal from the Chancery Court at Memphis. R. J. MORGAN, Ch.

W. M. RANDOLPH for Complainant.

GEORGE GILLHAM for Defendants.

COOPER, J., delivered the opinion of the Court.

The complainant has applied for the appointment of a receiver of the lands in controversy, after giving written notice to the solicitors of the defendants of their intentions. The bill was filed for the purpose of subjecting the land to the satisfaction of the debt of the complainant for the purchase money. The decree below was in favor of the complainant, and the defendants appealed. It now appears, from the sworn statements of the collecting officers, that there are unpaid taxes on the land for several years, for which tax sales

have in part been made, and the lands bid in by the public officials under the law. It also appears that a bill to enforce the lien for these taxes is about to be filed under the recent rulings of this Court. Under these circumstances, the complainant will be entitled to a receiver, unless the past-due taxes are paid in a reasonable time. The decree below is *prima facie* evidence of the complainant's interest in the land, and a failure of the defendant in possession to pay the taxes is a sufficient ground for the appointment of a receiver, for the neglect to pay the taxes might result in the loss of the property to all parties by a title against which the *lis pendens* would be of no avail. The appointment would, however, be rendered unnecessary by the payment of the taxes.

The complainant may take the order for a receiver and a writ of assistance to put him in possession of any part of the land on which the taxes are in arrears, unless within sixty days from the entry of the decree, the defendant in possession of such part of the land shall produce to the Clerk of this Court satisfactory evidence of the payment of the taxes due on that part.